RICK D. ROSKELLEY, ESQ., Bar No. 3192
DIANA G. DICKINSON, ESQ., Bar No. 13477
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:   702.862.8800
Fax No.:        702.862.8811
Email: rroskelley@littler.com
            ddickinson@littler.com

*Attorneys for Defendant*
AMERICAN HOMES 4 RENT, L.P.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAEMON LEE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOMES 4 RENT, L.P, a foreign limited partnership; BOYD GAMING CORPORATION, a domestic corporation; DOES I-X; ROE CORPORATIONS I-X,<br><br>Defendants. | Case No. 2:21-cv-01870-JAD-DJA<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY** |

Defendant AMERICAN HOMES 4 RENT, L.P., ("AH4R"), Defendant BOYD GAMING CORPORATION ("Boyd"), and Plaintiff JAEMON LEE ("Plaintiff") (collectively the "Parties"), by and through their attorneys, and do hereby stipulate and request that that the Court stay discovery until an Order is issued on AH4R's Motion to Compel Arbitration and to Dismiss. **ECF Nos. 6, 7.**

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also* Fed. R. Civ. P. 26(c)(1) (court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding disclosure or discovery). In evaluating the propriety of an order staying or limiting discovery while

a dispositive motion is pending, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

The case law in this district makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). This "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). While addressing motions to dismiss filed pursuant to Rule 12(b)(6), courts have noted that they are "not ordinarily a situation that in and of itself would warrant a stay of discovery." *See, e.g., Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). However, courts in this district have noted the well-established exception to this general rule that motions based on jurisdiction, venue, and immunity are exactly the type of motion that "in and of itself" precisely warrant stays of discovery. *Id.*; *see also Kidneigh v. Tournament One Corp.*, No. 2:12-cv-02209-APG, 2013 WL 1855764, at *1 (D. Nev. May 1, 2013) ("Common examples of situations in which good cause has been found to stay discovery are when jurisdiction, venue, or immunity are preliminary issues."); *Kabo Tools Co. v. Porauto Indus. Co.*, No. 2:12-cv-01859-LDG-NJK, 2013 WL 12321307, at *1 (D. Nev. Apr. 15, 2013) ("[C]ourts are more inclined to stay discovery pending resolution of a motion to dismiss challenging personal jurisdiction because it presents a 'critical preliminary question.'"); *Fabrication, Inc. v. KRD Trucking W., Inc.*, No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012) ("[A] pending motion challenging

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved.").

Moreover, once a court is considering whether to grant a motion to compel arbitration and dismiss a complaint, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Miceli v. Citigroup, Inc.*, 2016 WL 1170994, 2 (D. Nev. 2016) (citing *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *see also Sparking v. Hoffman Construction Co.*, 864 F.2d 635, 638 (9th Cir. 1988)). Indeed, once a motion to compel arbitration has been filed, a stay of discovery is warranted because, requiring the parties to engage in discovery "would cause the party seeking to enforce the arbitration clause to be deprived of the inexpensive and expeditious means by which the parties had agreed to resolve the disputes." *Miceli*, 2016 WL 1170994, 2 (citing *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)).

AH4R's Motions to Compel Arbitration and to Dismiss or, Alternatively, to Stay Litigation Pending Arbitration (**ECF Nos. 6, 7**) warrants a stay in discovery. First, the Motions are potentially dispositive of the entire case against AH4R. AH4R contends that Plaintiff is precluded from litigating his claims because he entered into an Arbitration Agreement in which he agreed to arbitrate his claims that might arise out of his employment with AH4R. As the Court is aware, the Federal Arbitration Act ("FAA") "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Accordingly, AH4R has requested the complete dismissal of Plaintiff's claims against AH4R and that Plaintiff be compelled to arbitrate his claims against AH4R. Plaintiff file and Opposition and disputed the legal arguments made in AH4R's Motions. However, the Parties agree that the Motions are of the type warranting a stay of discovery.

Second, no party will suffer hardship or inequity as a result of stay because discovery is unjustified at this point. Since AH4R has moved to dismiss all the claims against it, Plaintiff has not been apprised of which factual allegations AH4R intends to admit and which factual allegations

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

1  Defendant intends to deny.  Nor has Plaintiff been apprised of the defenses that AH4R intends to
2  assert.  Similarly, Boyd has moved to dismiss a majority of the claims against it (**ECF No. 20**).
3  Plaintiff believes this would severely limit his opportunity to conduct full discovery while the
4  Motions are pending.  Additionally, the Parties agree that discovery is not necessary prior to the
5  Court's resolution of the legal issues raised by Defendant's Motion to Compel Arbitration and to
6  Dismiss.  Where, as here, an arbitration agreement governed by the FAA covers a dispute, resolving
7  that dispute is exclusively committed to the arbitral forum.  Allowing discovery to proceed would
8  be contrary to the FAA itself, the national policy favoring arbitration, and a long line of cases
9  upholding arbitration agreements.  Moreover, requiring the Parties to conduct discovery on class
10 claims that may not be properly before the Court would result in an unnecessary expenditure of
11 resources and is particularly prejudicial to AH4R.

12         Third, similar to the situation in *Little*, this is a case where a temporary stay of discovery
13 will further the goals of judicial economy, control of the Court's docket, and an inexpensive
14 determination of the case.  863 F.2d 681.  Ordering the parties to proceed with discovery could
15 potentially clog the Court's docket with discovery disputes on class claims that may be dismissed
16 through compelled arbitration.  Additionally, the Court has recognized the importance of resolving
17 arbitration issues at the earliest possible stage in litigation as a way of furthering the inexpensive
18 determination of the case.  Additionally, the stay is requested for a limited and reasonable amount
19 of time - until the Court decides AH4R's Motions.

20         For the foregoing reasons, the Parties request a stay of all discovery until an Order is issued
21 on AH4R's Motion to Compel Arbitration and to Dismiss.  Because the Parties do not know when
22 the Court will issue an Order on the Motion, the Parties request a stay of discovery for either (1)
23 six months from the date of this stipulation or (2) until the Court issues an Order on AH4R's Motion
24 to Compel Arbitration and to Dismiss, whichever is sooner.  In the event the Court does not issue
25 an order on AH4R's Motion within six months, the Parties will file a second stipulation to continue
26 the stay of discovery with new deadlines pursuant to the Court's request for a definitive time frame.
27 *See* **ECF No. 16.**
28 / / /

Dated:  December 22, 2021

Respectfully submitted,


*/s/ Jenny L. Foley*
JENNY L. FOLEY, PH.D., ESQ.
HKM EMPLOYMENT ATTORNEYS LLP

*Attorney for Plaintiff*
JAEMON LEE

Dated:  December 22, 2021

Respectfully submitted,


*/s/ Kaitlin H. Paxton*
R. TODD CREER, ESQ.
KAITLIN H. PAXTON, ESQ.
KAMER ZUCKER ABBOTT

*Attorneys for Defendant*
BOYD GAMING CORPORATION

Dated:  December 22, 2021

Respectfully submitted,


*/s/ Diana G. Dickinson*
RICK ROSKELLEY, ESQ.
DIANA G. DICKINSO, ESQ.
LITTLER MENDELSON

*Attorneys for Defendant*
AMERICAN HOMES 4 RENT, L.P.


**IT IS SO ORDERED**

DATED this 28th day of December 2021.

_____
UNITED STATES MAGISTRATE JUDGE

4892-7472-4358.1 / 074188-1064

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169.5937
702.862.8800